UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MONOCOQUE DIVERSIFIED INTERESTS, LLC,** <br> *Plaintiff* <br><br> v. <br><br> **USA JET AIRLINES, INC.,** <br> *Defendant* | § § § § § § § § § <br><br> No. A-21-CV-00956-RP |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Monocoque Diversified Interests, LLC's ("MDI") motion to dismiss, Dkt. 39; Defendants USA Jet Airlines, Inc.'s motion to compel, Dkt. 41; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following order and report and recommendation.

## I.   BACKGROUND

Following the transfer to the District of Delaware of MDI's claims against the other former defendants in this case, only MDI's breach of contract claim against Defendant USA Jet Airlines, Inc. ("USA Jet") remained in this lawsuit. Dkts. 11, at 13-14; 29. MDI alleges that USA Jet breached non-disclosure and consulting agreements between the parties by divulging confidential information about MDI, and failing to consult MDI on the purchase and sale of its aircraft assets as required under the consulting agreement. *Id.* at 11-14. USA Jet, in turn, brought its own

1

counterclaims against MDI for breaches of the same consulting and non-disclosure agreements, claiming, as relevant here, that MDI leaked USA Jet confidential information to third parties. Dkt. 38, at 18-20. In its answer to USA Jet's counterclaims, MDI maintains that USA Jet itself breached "its confidentiality obligations by stating in a public filing, in detail, terms of the" non-disclosure agreement at issue in this lawsuit. Dkt. 40, at 5.

While MDI moved to dismiss USA Jet's counterclaim for breach of the non-disclosure agreement, Dkt. 39, USA Jet moved to compel MDI to amend its initial disclosures to accurately reflect the remaining claims in this case. Dkt. 41. The undersigned will address the motions below.

## II. MOTION TO COMPEL

USA Jet moved to compel MDI to produce amended initial disclosures, arguing that the initial disclosures it had produced "improperly rehash[] information" related to claims that were transferred to the District of Delaware. *See* Dkt. 41. Specifically, USA Jet contends that MDI's initial disclosures are inaccurate because "the alleged damages and the individuals with discoverable information that MDI discloses in its Initial Disclosures are premised on the transferred tort claims." *Id.* at 3. In its response, MDI asked the Court to deny the motion to compel because "[w]hile part of this dispute will be determined in Delaware, the relationship between these parties is intertwined and the facts relevant to the matter transferred to Delaware are also relevant in this case." Dkt. 43, at 2. MDI also attached amended initial disclosures to its response. Dkt. 43-1.

In light of the amended initial disclosures provided by MDI, the Court ordered the parties to confer on the need for judicial resolution of the motion to compel. Dkt. 45. In their joint advisory, the parties informed the Court that they were unable to reach a "consensus." *See* Dkt. 47, at 1. Specifically, USA Jet continues to complain that the damages disclosure in MDI's amended initial disclosures "fail[s] to address the issues identified in USA Jet's Motion to Compel and fail[s] to acknowledge that the claims they have for the $12 million in damages were transferred to Delaware, and remain insufficient." Dkt. 47, at 2. USA Jet, without citing to any authority, insists that MDI must include in its initial disclosures "what confidential information was allegedly disclosed by USA Jet, when it was disclosed, how this purported disclosure was in furtherance of any plan to interfere with MDI's contracts with other entities, or how this alleged disclosure caused damage to MDI" to support the damages claimed in the initial disclosures. *Id.* at 2-3. MDI maintains that its damages disclosures are sufficient, and that "should the damages change, MDI will amend its disclosures in accordance with the Federal Rules of Civil Procedure." *Id.* at 1.

Rule 26(a) requires initial disclosure of "a computation of any category of damages claimed," and make available evidence "on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(iii). MDI seeks $12,000,000.00 in damages based on the "buy-out payment" clause contained in the master service agreements MDI entered into with two USA Jet affiliates, Rambler Air, LLC and Arctic-On-Demand, LLC, for management of their airline operations in Alaska. Dkts. 11, at 6-8; 41-1, at 4.

Although USA Jet argues that "MDI's damages disclosures are still improperly premised on its transferred tort claims against a number of entities," MDI nonetheless maintains that "USA Jet's breaches of the Consulting Agreement and the Mutual Non-Disclosure Agreement are part of those [transferred] claims." Dkt. 47, at 2-3.

Of course, MDI may ultimately be wrong in its assertion that it may collect damages from USA Jet under the "buy-out payment" clause of the master services agreements it entered into with former defendants in this case, and recognizes its duty to amend its disclosures "should the damages change." Dkt. 47, at 1. Yet USA Jet provided no case law in support of its contention that MDI must further amend its damages disclosures at this time, and MDI's failure to provide more specific information in its initial disclosures does not render its amended initial disclosures regarding its alleged damages improper. *See* Dkts. 41; 47; *see also Henry's Marine Serv., Inc. v. Fireman's Fund Ins. Co.*, No. CIV.A. 02-3682, 2004 WL 307627, at *2 (E.D. La. Feb. 10, 2004), *aff'd*, 193 F. App'x 267 (5th Cir. 2006) ("not perfect" initial disclosures did not constitute "failure to disclose" where plaintiff "identified the categories of expenses that make up its damage computation" but did not provide the exact amount of damages). The Court will deny USA Jet's motion to compel.

### III. MOTION TO DISMISS

MDI moved to dismiss USA Jet's breach of the non-disclosure agreement counterclaim, arguing that USA Jet failed to plead that the disclosed information was confidential, or was covered by the non-disclosure agreement, and cannot "meet the

4

damage element of a breach of contract claim." Dkt. 39, at 3-4. USA Jet responded that it has properly stated a claim for breach of the non-disclosure agreement under Texas law. *See* Dkt. 42. After MDI filed a reply in support of its motion, Dkt. 44, USA Jet moved to strike the reply, or in the alternative, for leave to file a sur-reply. Dkt. 46. The Court will deny USA Jet's motion to strike, and grant its motion to file a sur-reply—which the undersigned considered in making his recommendation on the motion to dismiss.

### A. Legal Standard

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

**B.     Discussion**

MDI argues that USA Jet's breach of the non-disclosure agreement counterclaim should be dismissed because USA Jet failed to properly allege that the information at issue was confidential, that third-party affiliate who sent MDI the information owed USA Jet a duty of confidentiality, or that USA Jet suffered damages as a result of any breach of the non-disclosure agreement. Dkt. 39, at 2-4. USA Jet responds that MDI's bases for dismissal "run afoul of the plain language of the parties' contract and black-letter law establishing that the disclosed information was confidential and that damages are presumed from disclosure." Dkt. 42, at 3.

To state a claim for breach of contract under Texas law, a plaintiff must plead: (1) the existence of a valid contract; (2) the plaintiff's own performance of the agreement; (3) a breach of contract by the defendant; and (4) the plaintiff was damaged as a result of the breach. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 287 (5th Cir. 2017). Here, USA Jet's allegations are sufficient to state a breach

6

of contract claim as to the non-disclosure agreement under Texas law. *See* Dkt. 38, at 17-20; *see also Cuvillier*, 503 F.3d at 401. USA Jet alleged that a valid non-disclosure agreement existed between the parties, USA Jet upheld its obligations under that contract, while MDI did not, which caused USA to be "materially adversely affected." Dkt. 38, at 17-20. MDI's insistence that USA Jet plead the specifics of its affiliate's relationship with USA Jet, the particulars of how it was harmed, or how the information claimed to be confidential could be used to compete against it seeks to hold USA Jet to a higher pleading standard than that required by the federal rules.

First, MDI argues that USA Jet's non-disclosure claim is not plausible because the confidential information at issue, according to USA Jet's pleading, was provided to MDI by "an employee of one of USA Jet's affiliate entities," and as such, falls within the non-disclosure agreement's exclusion for information that "was rightfully disclosed to it by a third party without restriction." Dkts. 15-13, at 3; 38, at 16; 39, at 2, 4 (arguing that USA Jet "failed to allege any facts demonstrating that the employee of its affiliate had a duty of confidentiality to USA Jet"). Yet as USA Jet points out, even if the information were sent by a third party, "determining whether information was 'rightfully disclosed' and disclosed 'without Restriction' will require discovery into the context surrounding the communications at issue," including "when the information was disclosed, in what context, and what the disclosing party said about the disputed information." Dkt. 42, at 8. Moreover, MDI failed to cite any case law to support its contention that USA Jet was required to plead that the third party who

7

sent MDI the information owed USA Jet a duty of confidentiality to state a claim for breach of contract.

Second, MDI argued in its reply that because the information USA Jet claims was "unlawfully disclosed was published on a public website," it does not qualify as confidential information under the non-disclosure agreement. Dkt. 44, at 2 ("The ownership structure of USA Jet was never confidential."). In its sur-reply, however, USA Jet highlights that its counterclaim is not based on MDI's disclosure of its ownership structure to a third-party, which USA Jet agrees is publicly available information. Dkt. 46-1, at 2. Rather, USA Jet's counterclaim for breach of the non-disclosure information is "based on MDI's dissemination of confidential information about the ultimate ownership of USA Jet—the ultimate ownership of Active Aero Group, Inc.," which USA Jet contends is not publicly available. *Id.* Regardless, MDI did not cite any authority to support its position that USA Jet had to include in its counterclaim the precise information it claims was unlawfully disclosed. *See* Dkts. 39; 44.

Third, MDI's argument that USA Jet "cannot meet the damage element of a breach of contract action" because it does not claim any harm or damages resulting from the disclosure similarly fails because, as noted above, USA Jet specifically pleaded that it was "materially adversely affected by the disclosure of confidential information." Dkts. 38, at 20; 39, at 4. And as USA Jet points out, "the parties contractually agreed that a breach of the [non-disclosure agreement] would subject USA Jet to irreparable harm and materially adversely affect its business. Dkts. 15-

13, at 2-3; 42, at 11. Once again, MDI did not cite any authority, and the undersigned is unaware of any, to support the contention that USA Jet's alleged harm must be more specific to state a claim for breach of contract. *See* Dkt. 39. Because USA Jet has stated a claim for breach of contract under Texas law, the undersigned will recommend that the District Court deny MDI's motion to dismiss.

## IV. ORDER AND RECOMMENDATION

In accordance with the foregoing discussion, the Court **ORDERS** that USA Jet's motion to compel, Dkt. 41, is **DENIED**. **IT IS FURTHER ORDERED** that USA Jet's motion to strike, or in the alternative, motion for leave to file a sur-reply, Dkt. 46, is **GRANTED IN PART** and **DENIED IN PART**. Specifically, USA Jet's motion to strike is **DENIED**, while its motion for leave to file a sur-reply is **GRANTED**.

Further, the undersigned **RECOMMENDS** that the District Court **DENY** MDI's motion to dismiss, Dkt. 39.

The referral of this case to the Magistrate Court should now be canceled.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after

the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED July 25, 2022.

---

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE