UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MONOCOQUE DIVERSIFIED INTERESTS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | **No.  1-21-CV-00956-DAE** |
| v. | § | |
| | § | |
| **USA JET AIRLINES, INC.,** | § | |
| *Defendant* | § | |

**ORDER**

Before the Court is Monocoque Diversified Interest's ("MDI") Motion to Extend Scheduling Order Deadlines, Dkt. 78, and all related briefing. MDI requests the following modifications to the current Fourth Amended Scheduling Order, Dkt. 70, (with current deadlines noted):

a) The parties shall file all motions to amend or supplement pleadings or to join additional parties by February 5, 2024 **[previously July 25, 2022].**

b) All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before February 26, 2024 **[previously November 24, 2024]**. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before March 22, 2024 **[previously November 24, 2023].**

c) All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert **[previously December 8, 2023]**.

e) The parties shall conduct mediation by April 1, 2024 **[previously September 22, 2022].**

f) The parties shall complete all discovery on or before April 15, 2024 **[previously all fact discovery was to be completed on or October 13, 2023, and all expert discovery was to be completed on or before December 15, 2023].**

g) All dispositive motions shall be filed on or before April 29, 2024 **[previously January 5, 2024]** and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties no later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

Dkt. 78, at 5-6; *see* Court's prior scheduling orders: Dkt. 36, entered on April 5, 2022; Dkt. 56, entered on January 25, 2023; Dkt. 60, entered on June 7, 2023; Dkt. 62, entered on September 12, 2023; and Dkt. 70, entered on October 24, 2023.

Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990). Here, MDI claims that the "recent withdrawal of Counsel … occurred while certain deadlines lapsed [and has made] other deadlines imminent and unattainable." Dkt. 78, at 1.

MDI's prior counsel filed its Motion to Withdraw on September 19, 2023. Dkt. 63. That motion was granted on November 13, 2023, after a hearing before the undersigned. Dkt. 74, at 2. MDI's former counsel was permitted to withdraw immediately, and the undersigned ordered MDI to "obtain replacement counsel on or

before November 27, 2023, and that the new counsel must enter an appearance in this case on or before that same date." *Id.* MDI's current counsel did not enter her appearance until December 1, 2023; thus, MDI was without counsel from November 13, 2023, through December 1, 2023. Dkt. 78-1, at 2-3.

As an initial matter, to the extent MDI requests an extension of the mediation deadline from September 22, 2022, to April 1, 2024, and the amended pleadings deadline from July 25, 2022, to February 5, 2024, but those deadlines passed long before MDI's previous counsel moved to withdraw on September 19, 2023. Therefore, MDI's arguments concerning the need to extend deadlines on the basis of new representation is unavailing as to these deadlines.

Still, there are some deadlines that passed shortly after the motion to withdraw was granted (expert deadline, November 24, 2023), as well as deadlines that passed shortly after new counsel was finally retained (rebuttal expert deadline, December 7, 2023; discovery deadline, December 15, 2023; and dispositive motion deadline, January 15, 2024). However, the Court took into account the withdrawal of MDI's previous counsel on these specific deadlines in this case, first, when it granted modifications to the scheduling order during the pendency of the motion to withdraw, and again, when it granted the motion to withdraw. When MDI's prior counsel filed its motion to withdraw on September 19, 2023, there were expert designation and dispositive motion deadlines that were set to expire under the then-current scheduling order, Dkt. 62. MDI sought to amend the scheduling order to extend these deadlines so that its motion to withdraw could be decided before any of these

3

deadlines would pass. Dkt. 69. The Court granted MDI's motion to amend and issued the Fourth Amended Scheduling Order. Dkt. 70. Under the Fourth Amended Scheduling Order, the pending expert and dispositive motion deadlines were extended to account for the motion to withdraw hearing on November 13, 2023. *Id.* at 2-3. The Fourth Amended Scheduling Order stated that any designation for testifying experts, whether asserting claims for relief or resisting claims for relief, would be due November 24, 2023; the designation for rebuttal experts would be due December 8, 2023; and dispositive motions would be due January 5, 2024. *Id*

Then, at the November 13, 2023, hearing on the motion to withdraw, the undersigned noted the upcoming expert and dispositive motion deadlines, stating that while dispositive motions were not due until January, there was a deadline approaching on experts. Dkt. 76, Tr. 3:8-11. MDI's then-counsel represented to the Court that MDI did not intend to retain experts. *Id.*, Tr. 4:2-7. On that basis the undersigned stated he would grant the motion to withdraw, and "given the state of the current scheduling order," he would give MDI two weeks to retain new counsel. *Id.*, Tr. 11:25-12:11. In the order to this effect, the undersigned: "conclude[d] that, in light of the recent revision to the Court's scheduling order, see Dkt. 70, Monocoque will not be unduly prejudiced by granting counsel's motion to withdraw at this time." Dkt. 74. Nothing has changed since the District Judge and the undersigned considered the scheduling order and the effects of retaining new counsel on the scheduling order deadlines.

Because the Court has already modified the scheduling order and took into account the effects of MDI's previous counsel's withdrawal both in entering the Fourth Amended Scheduling Order and while considering the motion to withdraw, MDI has failed to show good cause as to why, now, the scheduling order should be amended. Further, the parties were warned by the District Court when it issued the Fourth Amended Scheduling Order that "[t]here will be NO FURTHER EXTENSIONS granted." Dkt. 70 (emphasis in original).

Based on the forgoing, MDI's motion to extend scheduling order deadlines, Dkt. 78, is **DENIED**. The Fourth Amended Scheduling Order, Dkt. 70, and deadlines therein remain in full force and effect.

SIGNED February 23, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE